***********
Upon review of the competent evidence of record, with reference to the errors assigned, and considering the briefs and oral arguments of the parties, the Full Commission affirms, with some modifications, the Order of the Deputy Commissioner, and enters the following Order.
 ***********
On March 22, 2004, Plaintiff suffered a compensable work injury to his lower back. On March 30, 2005, Deputy Commissioner Stephen T. Gheen filed an Opinion and Award awarding Plaintiff ongoing temporary total disability and medical compensation. Defendants did not appeal the March 30, 2005 Opinion and Award.
On April 30, 2009, Plaintiff filed a Form 33 request for hearing alleging that Defendants failed to pay medical expenses related to Plaintiff's compensable injury. On November 24, 2009, the parties and Deputy Commissioner DeLuca entered into a Consent Order in which the parties agreed to the following: Defendants would arrange for pain management treatment for *Page 2 
Plaintiff with Rex Pain Management Center in Raleigh, North Carolina within 30 days of the Consent Order; Defendants would issue checks for all Form 25T's (Itemized Statement of Charges for Travel) and Form 25P's (Itemized Statement of Charges for Drugs) attached to the Consent Order; Defendants would reimburse Plaintiff in the amount of $4,630.69 within 30 days of the Consent Order; Defendants would resolve any outstanding bills with the Veterans Administration Hospital, including an outstanding balance of $8,288.95 and Plaintiff's counsel would waive his right to attorney fees in exchange for Defendants' satisfaction of its obligations under the terms of the Consent Order.
On January 21, 2010, Plaintiff's counsel sent Deputy Commissioner DeLuca correspondence advising that Defendants were not complying with their obligations under the November 24, 2009 Consent Order and requesting sanctions and attorney fees. On January 22, 2010, Deputy Commissioner DeLuca conducted a telephone conference with the parties. Defendants' counsel indicated that Defendants were attempting to comply with the November 24, 2009 Consent Order.
On February 5, 2010, Plaintiff's counsel sent Deputy Commissioner DeLuca correspondence advising that Defendants continued to be non-compliant with their obligations under the November 24, 2009 Consent Order, and requesting entry of an Order directing Defendants to comply and for sanctions and attorney fees. On February 26, 2010, Deputy Commissioner DeLuca filed an Order requiring Defendants to authorize and schedule pain management treatment with Duke University Pain Center, to pay the $4,630.69 owed to Plaintiff plus a 10 percent late payment penalty within 14 days and provide proof of payment, to pay all costs and to pay attorney fees in the amount of $7,000.00 to Plaintiff's counsel for having to *Page 3 
litigate these issues following the Consent Order. Defendants appealed from this February 26, 2010 Order.
The Full Commission concludes that Defendants failed to comply with the terms of the Consent Order filed on November 24, 2009 without good cause. Defendants appealed to the Full Commission and by its decision herein the Full Commission is affirming the decision of the Deputy Commissioner. In its discretion, the Full Commission concludes that Plaintiff's counsel is entitled to attorney fees under N.C. Gen. Stat. § 97-88.
IT IS THEREFORE ORDERED that:
 1. Plaintiff's Motion to Introduce New Evidence to the Full Commission is hereby ALLOWED, and the January 21, 2010 and February 5, 2010 correspondence, including attachments thereto, are hereby made a part of the record of these proceedings.
 2. Defendants shall authorize and arrange for Plaintiff to undergo treatment with Duke University Pain Center within 30 days from the date of the filing of this Order.
 3. Defendants shall issue and mail a check to Plaintiff in the amount of $4,630.69, plus a 10 percent late penalty, and provide documentation of said payment to the Full Commission within 14 days from the date of the filing of this Order.
 4. Defendants shall issue and mail a check to the Veterans Administration Hospital in the amount of $8,288.95 for the outstanding medical bills owed and provide documentation of payment to the Full Commission within 14 days from the date of the filing of this Order. *Page 4 
 5. Defendants shall pay to Plaintiff's counsel a reasonable attorney's fee in the amount of $7,000.00 for the time spent litigating these matters through the hearing before the Deputy Commissioner. Plaintiff's waiver of an attorney's fee in the Consent Order was contingent upon Defendants' satisfaction of its obligations in the Consent Order. Defendants shall pay Plaintiff's counsel a reasonable attorney's fee for defending Defendants appeal to the Full Commission. Plaintiff's counsel shall submit a supplemental Affidavit setting forth the time spent defending Defendants' appeal to the Full Commission.
 6. Defendants shall pay the costs of these proceedings.
This the 26th day of August 2010.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1